**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 13-4582**

───────────────

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

    v.

JEROME REID,

         Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City. James C. Dever III, Chief District Judge. (2:12-cr-00010-D-3)

───────────────

Submitted: July 29, 2014        Decided: August 6, 2014

───────────────

Before GREGORY and WYNN, Circuit Judges, and DAVIS, Senior Circuit Judge.

───────────────

Affirmed in part; dismissed in part by unpublished per curiam opinion.

───────────────

Jennifer Haynes Rose, LAW OFFICE OF JENNIFER HAYNES ROSE, Cary, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerome Reid pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B) (2012), and was sentenced to 180 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but questioning whether the district court erred in assessing a two-point enhancement and calculating the drug quantity associated with the offense, and challenging the reasonableness of Reid's sentence. Although advised of his right to file a supplemental pro se brief, Reid has not done so. The Government seeks to dismiss the appeal as untimely and as barred by the appellate waiver provision in the plea agreement.

By prior order, we remanded the appeal to the district court to determine whether to extend the appeal period under Fed. R. App. P. 4(b)(4). The district court found good cause to extend the appeal period, and therefore the appeal is timely and not subject to dismissal on that basis.

We therefore proceed to consider the Government's alternate basis for dismissal—the appellate waiver. We review de novo the validity of an appellate waiver. United States v. Copeland, 707 F.3d 522, 528 (4th Cir.), cert. denied, 134 S. Ct.

126 (2013).  We "generally will enforce a waiver . . . if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver."  United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks and alteration omitted).  A defendant's waiver is valid if he agreed to it "knowingly and intelligently."  United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010).  "Although the validity of an appeal waiver often depends on the adequacy of the plea colloquy, the issue ultimately is evaluated by reference to the totality of the circumstances," United States v. Davis, 689 F.3d 349, 355 (4th Cir. 2012) (internal quotation marks omitted), such as "the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement."  Thornsbury, 670 F.3d at 537 (internal quotation marks omitted).

Our review of the record leads us to conclude that Reid knowingly and intelligently pled guilty and waived his right to appeal his sentence.  Because the sentencing issues he seeks to raise on appeal fall within the scope of the waiver, we grant the Government's motion to dismiss Reid's appeal of his sentence and dismiss this portion of the appeal.

Although the waiver provision in the plea agreement precludes review of the sentence, the waiver does not preclude

3

review of any errors in Reid's conviction that may be revealed pursuant to the review required by Anders. In accordance with Anders, we have reviewed the entire record and have found nothing that calls into question the validity of Reid's conviction. Thus, as to the conviction, we affirm.

This court requires that counsel inform Reid, in writing, of his right to petition the Supreme Court of the United States for further review. If Reid requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Reid. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4